UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXEY MSTISLAV KHLOPOFF,<br><br>    Plaintiff,<br><br>        v.<br><br>ANDREW SAUL,<br><br>    Defendants. | Case No. 18-cv-03149-TSH<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 35 |

## I. INTRODUCTION

After Plaintiff Alexey Mstislav Khlopoff brought this action for review of the Commissioner of Social Security's decision to deny benefits, the Court remanded the case and the Commissioner subsequently issued a favorable decision. Khlopoff's attorney, Young Cho of the Law Offices of Lawrence D. Rohlfing, now seeks $12,300 in attorney's fees under section 206(b) of the Social Security Act ("SSA"), 42 U.S.C. § 406(b). ECF No. 35. Defendant Andrew Saul, the Commissioner of Social Security, filed a response indicating he was not a party to the contingent-fee agreement and is not in a position to either assent or object to the §406(b) fees that counsel seeks. ECF No. 36. For the following reasons, the Court **GRANTS** the motion.

## II. BACKGROUND

After the Commissioner denied Khlopoff's application for disability insurance benefits, Khlopoff brought this action for judicial review pursuant to 42 U.S.C. § 405(g). On August 12, 2019, the Court granted Khlopoff's motion for summary judgment and remanded for further proceedings. ECF No. 30. The Court subsequently granted the parties' stipulation to award $6,700.00 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 34. As part of the stipulation, Khlopoff reserved the right to seek additional attorney's

1  fees under 42 U.S.C. § 406(b). ECF No. 33.

2  On remand, the Commissioner granted Khlopoff's application, entitling him to receive $73,209.00 in retroactive benefits. Cho Decl. ¶ 4 & Ex. 3, ECF No. 35, 35-3. Under a contingent-fee agreement, Khlopoff agreed to pay counsel up to 25% of any past-due benefits award, which in this case would be $18,302.25. *Id.* ¶ 2 & Ex. 1, 35-1. Cho requests a fee award of $12,300.00.

### III.  LEGAL STANDARD

Attorneys handling social security proceedings may seek fees for their work under both the EAJA and the SSA. While the government pays an award pursuant to the EAJA, an award pursuant to § 406 of the SSA is paid out of a successful claimant's past-due benefits. *Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991), *abrogated on other grounds by Sorensen v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 2001). In passing § 406, Congress sought to protect attorneys from the nonpayment of fees, while also shielding clients from unfairly large fees. *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002).

Under the SSA, when a court renders judgment in favor of a claimant, it may award the claimant's counsel a reasonable attorney's fee, not to exceed 25% of the past-due benefits. 42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht*, 535 U.S. at 808 (holding that contingent-fee agreements are not enforceable to the extent that they provide for fees exceeding 25% of the past-due benefits); *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019) ("the 25% cap in § 406(b)(1)(A) applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b)"). The court provides "an independent check" to assure that contingency fee agreements between Social Security claimants and their attorneys will "yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807.

In determining a reasonable fee award, the district court "must respect 'the primacy of lawful attorney-client fee agreements,'" by "'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009) (quoting *Gisbrecht*, 535 U.S. 789 at 793, 808). A fee based on a contingent-fee agreement is unreasonable and subject to reduction "if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the 'benefits are

2

large in comparison to the amount of time counsel spent on the case.'" *Id.* (quoting *Gisbrecht*, 535 U.S. at 808). "The attorney bears the burden of establishing that the fee sought is reasonable." *Id.*). In determining whether a fee is reasonable, the court may look to the lodestar calculation "*only as an aid* in assessing the reasonableness of the fee." *Id.* at 1151 (quoting *Gisbrecht*, 535 U.S. at 808) (emphasis in original).

Additionally, a § 406(b) fee award is offset by any award of EAJA fees. Thus, if the court awards fees under both the EAJA and § 406(b), "the claimant's attorney must refun[d] to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (citation omitted).

### IV.   DISCUSSION

The Court finds counsel has met their burden to demonstrate that the requested fees are reasonable. As noted above, Khlopoff entered into a contingent fee agreement providing for a 25% fee, which is consistent with the statutory cap. There is no evidence that Cho's performance was substandard. To the contrary, counsel's representation resulted in Khlopoff receiving substantial past-due benefits. After the Court granted Khlopoff's motion and remanded for further proceedings, Cho secured a decision in Khlopoff's favor in the amount of $73,209.00. *See Card v. Comm'r of Soc. Sec.*, 2019 WL 3554410, at *2 (N.D. Cal. Aug. 5, 2019) (awarding attorney's fees under § 406(b) where plaintiff received $57,722.52 in benefits upon remand). Further, the requested fees are not excessively large in relation to the benefits achieved. Although counsel is entitled to $18,302.25 under the representation agreement (25% of the back pay award), Cho seeks only $12,300 for 32.5 hours of attorney work and 4.4 hours of paralegal time. Mot. at 8; Cho Decl., Ex. 4, ECF No. 35-4. Although Cho does not provide a breakdown of the hourly fees by attorney and paralegal time, the Court finds the requested fees are in line with hourly rates in other cases, and they are reasonable considering the results Cho achieved, the amount of time spent on the case, and the assumption of risk in agreeing to represent Khlopoff on a contingency basis. *See Crawford*, 586 F.3d at 1153 (affirming the reasonableness of the fees where the effective hourly rates were $519, $875 and $902); *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (awarding hourly rate of $450.00 and citing cases with much higher effective rates

1 approved). The Court therefore finds the requested fees are reasonable taking into account all these factors.

Once the Court determines that the fee sought under § 406(b) is reasonable, it must account for the attorney's fees paid by the Commissioner under the EAJA. *Gisbrecht*, 535 U.S. at 796. "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits" by requiring the claimant's attorney to refund to the claimant the amount of the smaller fee up to the point where the claimant receives 100% of the past-due benefits. *Gisbrecht*, 535 U.S. at 796. Here, the Court finds counsel's § 406(b) request reasonable, and therefore counsel shall refund to Khlopoff the $6,700.00 in EAJA fees previously awarded pursuant to stipulation.

## V.   CONCLUSION

For the reasons stated above, the Court **GRANTS** counsel's motion for attorney's fees. The Commissioner is directed to certify fees under 42 U.S.C. § 406(b) in the amount of $12,300.00, payable to the Law Offices of Lawrence D. Rohlfing. Counsel is **ORDERED** to refund the $6,700.00 EAJA fee award to Khlopoff.

**IT IS SO ORDERED.**

Dated: December 1, 2020

THOMAS S. HIXSON
United States Magistrate Judge